IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kevin Bryant,<br><br>     Plaintiff,<br><br>vs.<br><br>J. Reuben Long Detention Center,<br>Phillipe E. Thompson, Wayne M.<br>Owens, Joey Johnson, and Christine<br>Snyder,<br><br>     Defendants. | Civil Action No. 6:16-2905-TLW-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff, who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

  On January 20, 2017, the defendants filed a motion for summary judgment (doc. 40). By order filed the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and dismissal procedure and the possible consequences if he failed to respond adequately (doc. 41). The plaintiff did not respond.

  As the plaintiff is proceeding *pro se*, the court filed a second order on February 27, 2017, giving the plaintiff through March 20, 2017, in which to file his response to the motion for summary judgment (doc. 44). The plaintiff was again specifically advised that, if he failed to respond, this action would be dismissed for failure to prosecute. On March 6, 2017, the plaintiff filed a motion seeking an extension of time to file his response (doc. 47).

On March 7, 2017, the undersigned granted the extension of time through March 27, 2017 (doc. 49). The plaintiff did not file a response.

In an order filed April 4, 2017, the undersigned noted that the plaintiff had stated in his motion for extension of time that his address had changed, and he provided his new address (*see* doc. 47). However, the plaintiff's address was not changed on the docket, and the Clerk of Court mailed the order granting the motion for extension to the plaintiff's former address. Accordingly, the undersigned ordered that the plaintiff would have through April 18, 2017, to file his response to the motion for summary judgment and directed the Clerk of Court to update the plaintiff's address on the docket and to mail the order to the plaintiff's new address (doc. 53). Again, no response to the motion for summary judgment has been received from the plaintiff.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendants are left to wonder

2

when the action against them will be resolved. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). Should the district court adopt this recommendation, the defendants' motion for summary judgment (doc. 40) will be rendered moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

April 24, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).